IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MICHAEL BECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-566-D |
| | ) |
| MAYS HOME HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

The Court has received Plaintiff's Notice of Filing Bankruptcy [Doc. No. 47], in which he discloses for the first time a Chapter 7 bankruptcy filing that occurred in September, 2011. *See In re James Beck 2d and Lisa Beck*, Case No. 11-15086-BH, Petition (Bankr. W.D. Okla. Sept. 16, 2011). The record in the bankruptcy case reflects that Plaintiff received a discharge in February, 2012, but the case remains pending. The record also reflects that the trustee of the bankruptcy estate, Susan Manchester, has obtained authorization from the bankruptcy court to employ Plaintiff's attorney in this case, David Blades, to represent the trustee with respect to this matter. *See id*. Order Authorizing Trustee to Appoint Special Counsel, dated June 6, 2012.

The Court raises *sua sponte* the issue of Plaintiff's standing to prosecute the claims asserted in this case, which became property of the bankruptcy estate when he filed bankruptcy, *see Stat-Tech Int'l Corp. v. Delutes* (*In re Stat-Tech Int'l Corp.*), 47 F.3d 1054, 1057 (10th Cir. 1995); 11 U.S.C. § 541(a), and remain property of the estate until abandoned or administered, *see* 11 U.S.C. § 554(d). At this point, the real party in interest with respect to Plaintiff's sexual harassment claim against Defendant is the Trustee acting on behalf of the bankruptcy estate for the benefit of Plaintiff's creditors. *See Eastman v. Union Pacific R.R. Co.*, 493 F.3d 1151, 1155 & n.3 (10th Cir. 2007). Unlike a Chapter 13 debtor who remains in possession of estate property, a Chapter 7 debtor lacks

standing to pursue claims in his own name on behalf of the bankruptcy estate. *See Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008); *Clementson v. Countrywide Fin. Corp.*, 464 F. App'x 706, 711 (10th Cir. 2012);[1] *see also Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010).

The trustee's application to the bankruptcy court for authorization to employ Plaintiff's counsel suggests that the trustee intends to pursue this case. However, because the trustee has not moved for joinder or substitution as a party, nor taken any action in this case, the case is subject to dismissal. The Court is mindful that it "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Thus, the Court will not dismiss the case at this time but will stay the case to permit the bankruptcy trustee to take whatever action she deems appropriate.

IT IS THEREFORE ORDERED that this case is stayed until July 20, 2012, and the parties' pretrial filings (which were due April 19, 2012) are deferred until further order of the Court. Plaintiff's counsel is directed promptly to serve the trustee, Susan Manchester, with a copy of this Order for appropriate action. If the Trustee fails to appear by July 20, 2012, the case may be administratively closed, with a provision for reopening only upon the trustee's motion.

IT IS SO ORDERED this 2nd day of July, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.